

**Chahira Solh**
CSolh@crowell.com
(949) 798-1367  direct

Application **GRANTED in part**.  The discovery schedule is extended by four months.  By **August 31, 2022**, the parties shall file a joint letter providing dates for when each step in the schedule will be completed.  The parties shall continue to file status letters every thirty days, with the next status letter due **September 15, 2022**.  No further extensions will be granted absent extraordinary circumstances.

Crowell & Moring LLP
3 Park Plaza, 20th Floor
Irvine, California 92614
+1.949.263.8400  main
+1.949.263.8414  fax

August 23, 2022

**VIA ECF**

The Honorable Lorna G. Schofield
U.S. District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Dated:  August 24, 2022
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

Re:  *Compass, Inc. and Compass RE NY, LLC v. Real Estate Board of New York, Inc.*, No. 1:21-cv-02195 – Request for Six-Month Extension of Discovery Schedule

Dear Judge Schofield:

In accordance with the Court's August 17, 2022 Order (ECF No. 54), Plaintiffs Compass, Inc. and Compass RE NY, LLC (collectively, "Compass"), jointly with Defendant Real Estate Board of New York, Inc. ("REBNY") (with Compass, the "Parties"), respectfully submit this letter explaining why a six-month extension of the discovery schedule is justified.

The Parties have been diligent in conducting discovery and resolving disputes without the Court's intervention.  However, because of the complexity of the antitrust issues in this case, and because of the necessary discovery from non-parties NRT New York LLC d/b/a The Corcoran Group ("Corcoran") and Douglas Elliman, LLC ("Douglas Elliman"), the Parties have had to engage in a significant number of "meet and confers" and negotiations regarding discovery with each other and with the non-parties.  The Parties thus have not yet been able to exchange documents and have not received any documents from the non-parties.  Thus, substantial discovery remains to be produced by both Parties, as well as non-parties, before depositions may commence.  The Parties are therefore asking for a six-month extension of all discovery deadlines contained in the Court's April 18, 2022 Order (ECF No. 39).  This would be the Parties' first request for extension of the discovery deadlines, and a six-month extension would give the Parties enough time to complete discovery without excessively moving the deadlines.

**Discovery Completed**

Completed Party Discovery.  To date, the Parties have not yet exchanged any documents. However, they have each served one set of Requests for Production of Documents, have exchanged Responses and Objections to those Requests, and have reached agreement on most outstanding issues regarding those Requests.  The Parties have also exchanged initial custodian lists and search terms.  The Parties are near agreement on five custodians for REBNY and seven custodians for Compass, with some potential additional custodians still being negotiated.  The Parties have also



each begun collecting relevant documents from custodians and have begun testing search terms to determine how many documents those search terms would implicate.

<u>Completed Non-Party Discovery.</u>  On June 23, 2022, Compass served both Corcoran and Douglas Elliman with two subpoenas—one subpoena requesting that they produce relevant documents and one subpoena requesting that they each produce a Fed. R. Civ. Proc. 30(b)(6) witness to testify at a deposition.  Neither Corcoran nor Douglas Elliman have yet produced documents.  Corcoran and Compass are still negotiating the parameters of a potential document production, but have exchanged multiple proposals and are hopefully nearing agreement.  Douglas Elliman and Compass are also still negotiating the parameters of a potential document production, but have already begun discussing specific custodians and search terms.

**Discovery That Remains To Be Completed**

<u>Party Discovery to be Completed.</u>  As noted, the Parties have not yet begun producing documents to each other.  However, the Parties have already begun collections, and believe they will be producing documents shortly.  While the Parties are still testing search terms and negotiating potential additional custodians, the Parties believe that they will be reviewing 30,000 to 50,000 documents each, and producing a significant number of the documents they are reviewing.  The Parties have already discussed and are planning on using e-discovery tools to increase efficiency and speed in the production process.

With regard to depositions, the Parties have not yet taken any depositions.  Each party will likely depose most or all of the opposing party's custodians.  For Compass[1], the individuals who would likely be deposed are:

1. Gordon Golub (Senior Managing Director, Compass) – Attended meetings regarding the REBNY rule that is at issue in this case, Article II, Section 7 of the REBNY Universal Co-Brokerage Agreement ("Article II, Section 7").  Mr. Golub also corresponded with REBNY about Compass's concerns regarding Article II, Section 7 and has knowledge of Compass's efforts to recruit agents.

2. Rory Golod (President of Tri-State Region, Compass) – Attended meetings regarding Article II, Section 7, corresponded with REBNY about Compass's concerns regarding Article II, Section 7, and has knowledge of Compass's efforts to recruit agents.

3. Elizabeth Ann Stribling-Kivlan (Senior Managing Director, Compass) – Was involved with the development of Article II, Section 7, and has knowledge of Compass's efforts to recruit agents.

---

[1] As noted above, Compass will likely be adding additional custodians, and will meet and confer as to whether those additional custodians warrant a deposition.  Because the meet and confer process on custodians and depositions is ongoing, REBNY reserves all rights with respect to depositions and maintains that, at minimum, all of Compass's document custodians, including the individuals that REBNY has requested Compass add as additional custodians, should be made available for depositions.



4. Vickey Barron (Compass Agent) – Was an agent that was allegedly harmed by REBNY, Corcoran, and Douglas Elliman's development and enforcement of Article II, Section 7.

5. Brad Malow (Compass Agent) – Was an agent that was allegedly harmed by REBNY, Corcoran, and Douglas Elliman's development and enforcement of Article II, Section 7.

6. Charlie Attias (Compass Agent) – Was an agent that was allegedly harmed by REBNY, Corcoran, and Douglas Elliman's development and enforcement of Article II, Section 7.

7. Brian Babst (Compass Agent) – Was an agent that was allegedly harmed by REBNY, Corcoran, and Douglas Elliman's development and enforcement of Article II, Section 7.

For REBNY, these individuals who would likely be deposed are:

1. James Whelan (President) – Involved in all aspects of REBNY's operations and had communications with Compass.

2. Carl Hum (General Counsel) – Involved in adoption of, amendments to, and implementation of Article II, Section 7; had communications with Compass; and has knowledge of complaints filed with REBNY alleging violations of the REBNY Universal Co-Brokerage Agreement ("UCBA").

3. Sandhya Espitia (Chief Operating Officer) – Involved in the operation of REBNY's Residential Listing Service and has knowledge of REBNY's operations.

4. John Banks (President Emeritus) – Involved in all aspects of REBNY's operations and had communications with Compass.

5. John Doyle (Senior Vice President of Government Relations (Retired)) – Involved in adoption of, amendments to, and implementation of Article II, Section 7; and has knowledge of complaints filed with REBNY alleging violations of the UCBA.

With regard to additional discovery, Compass plans to serve at least one set of Interrogatories and one set of Requests for Admissions, but will do so after it has reviewed REBNY's production of documents. REBNY also plans to serve Interrogatories and Requests for Admissions, but has not yet decided on whether it will do so while document productions are ongoing or after it has reviewed Compass's production of documents.

Non-Party Discovery to be Completed. As noted above, Corcoran and Douglas Elliman have not yet produced any documents. However, Compass and Corcoran have already exchanged multiple proposals regarding a potential production, and Compass and Douglas Elliman are already discussing search terms and custodians. Compass is hopeful that it can reach agreement with those third parties over the next month, with productions coming from them shortly thereafter. Once those documents are produced, Compass plans to move forward with the already noticed Fed. R. Civ. Proc. 30(b)(6) deposition of at least one witness from Corcoran and Douglas Elliman each. REBNY has not yet decided whether it needs to seek any non-party discovery and will make all such decisions once the Parties begin producing documents.



We thank the Court for its attention and consideration of the Parties' request for extension.  Should the Court require any additional information, the Parties would be happy to provide it.

        Respectfully submitted,

        */s/ Chahira Solh*
        Chahira Solh (*pro hac vice*)
        CROWELL & MORING LLP
        3 Park Plaza, 20th Floor
        Irvine, CA 92614
        (949) 263-8400
        csolh@crowell.com

        Glen G. McCorty
        CROWELL & MORING LLP
        590 Madison Ave, 20th Floor
        New York, New York 10022
        (212) 223-4000
        gmcgorty@crowell.com

        Diane Shrewsbury (*pro hac vice*)
        CROWELL & MORING LLP
        1001 Pennsylvania Ave NW
        Washington, DC 20004
        (202) 624-2500
        dshrewsbury@crowell.com

        *Attorneys for Plaintiffs*
        *Compass, Inc. and Compass RE NY, LLC*


        */s/ Claude G. Szyfer*
        Claude G. Szyfer
        Bruce H. Schneider
        Patrick Petrocelli
        STROOCK & STROOCK & LAVAN LLP
        180 Maiden Lane
        New York, NY 10038
        Tel.: (212) 806-5400
        Fax: (212) 806-6006
        cszyfer@stroock.com
        bschneider@stroock.com
        ppetrocelli@stroock.com

        *Attorneys for Defendant Real Estate Board of*
        *New York, Inc.*