UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
COMPASS, INC. AND COMPASS RE NY, :
LLC, :
: Civ. 21-2195 (LGS)
Plaintiffs, :
-v- : **AMENDED**
: <u>CIVIL CASE</u>
REAL ESTATE BOARD OF NEW YORK, : <u>MANAGEMENT PLAN</u>
INC., : <u>AND SCHEDULING</u>
Defendant. : <u>ORDER</u>
------------------------------------------------------------X

LORNA G. SCHOFIELD, United States District Judge:

    This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. The parties have conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

   a. An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
   [Yes_____ / No_X_]

   b. A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
   [Yes_____ / No_X_]

   c. A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
   [Yes_____ / No_X_]

   d. A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield.
   [Yes_____ / No_X_]

4. Alternative Dispute Resolution/Settlement

   a. Settlement discussions have not taken place.

   b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

   <u>The parties have not currently agreed to engage in any information exchange of information in aid of early settlement. The parties believe discovery is necessary for productive settlement discussions.</u>

   c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

   <u>The parties have not yet determined the appropriate mechanism for formal settlement discussions.</u>

   d. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

   <u>The parties believe formal settlement discussions will be appropriate at the close of fact discovery and will inform the Court via letter at that time.</u>

   e. **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5. No additional parties may be joined after <u>May 19, 2022</u> without leave of Court.

6. Amended pleadings may be filed without leave of Court through <u>May 19, 2022</u>.

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than <u>14</u> days from the date of this Order.

8. Fact Discovery

   a. All fact discovery shall be completed no later than ~~December 15, 2022~~ **February 17, 2023** (~~October 17, 2022~~).

   b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by <u>May 19, 2022</u>.

   c. Responsive documents shall be produced by ~~September 16, 2022~~ **January 16, 2022**.

   Do the parties anticipate e-discovery? [Yes <u>X</u> / No _____]

*[Margin note: The deadlines in 8(b) through 8(f) may be set by the written consent of the parties, without application to the Court, so long as all fact discovery is completed by October 17, 2022.]*

2

    d.    Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by ~~October 31, 2022~~.~~October 17, 2022.~~ January 3, 2023

    e.    Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by ~~December 15, 2022~~. ~~October 17, 2022.~~ February 17, 2023

    f.    Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by ~~October 31, 2022~~.~~October 17, 2022.~~ January 3, 2023

    g.    [The deadlines in paragraph 8 cannot be changed without a showing of cause and a court order.] ~~Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).~~

9.    Expert Discovery [if applicable]

    a.    Anticipated types of experts if any:

    At this time, the parties anticipate experts on damages, the antitrust market, and antitrust impact.

    b.    If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than ~~April 6, 2023~~. ~~February 7, 2023~~ June 7, 2023

    c.    If you have identified types of experts in question 9(a), by ~~November 1, 2022~~ March 1, 2023 the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10.    This case is to be tried to a jury.

11.    Counsel for the parties have conferred and their present best estimate of the length of trial is eight (8) trial days.

12.    Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

The parties had an Initial Pretrial Conference in front of Judge Alison J. Nathan on June 25, 2021.

13.    Status Letters and Conferences

    a.    By June 17, 2022, [and every 30 days thereafter,] the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

    b.    By ~~February 21, 2022~~ June 21, 2023 January 6, 2023, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request

3

        a referral for settlement discussions as provided in Paragraph 4(c) above.

c. On ~~March 1, 2022~~ July 5, 2023 at 4:10 P.M. *[usually 14 days after the close of all discovery]*, a pre-motion conference will be held for any anticipated dispositive motions, provided:

    i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter **at least two weeks before** the conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. To join the conference, the parties shall call (888) 363-4749 and use Access Code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

    ii. **If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.** The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(g) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(g), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

Notwithstanding any other rules governing discovery or other deadlines, the parties shall follow the deadlines set forth herein unless expressly ordered otherwise by the Court.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Dated: August 31, 2022
New York, New York

                                         LORNA G. SCHOFIELD
                                         **UNITED STATES DISTRICT JUDGE**

Counsel for the Parties:

| | |
|---|---|
| */s/ Chahira Solh* | */s/ Claude G. Szyfer* |
| Chahira Solh*<br>CROWELL & MORING LLP<br>3 Park Plaza, 20th Floor<br>Irvine, CA 92614<br>(949) 263-8400<br>csolh@crowell.com | Claude G. Szyfer<br>Bruce H. Schneider<br>Patrick N. Petrocelli<br>STROOCK & STROOCK & LAVAN LLP<br>180 Maiden Lane<br>New York, NY 10038<br>(212) 806-5400<br>cszyfer@stroock.com<br>bschneider@stroock.com<br>ppetrocelli@stroock.com |
| Glen G. McGorty<br>CROWELL & MORING LLP<br>590 Madison Ave, 20th Floor<br>New York, NY 10022<br>(212) 223-4000<br>gmcgorty@crowell.com | *Attorneys for Defendant*<br>*Real Estate Board of New York, Inc.* |
| Diane Shrewsbury*<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue NW<br>Washington, DC 20004<br>(202) 508-8983<br>dshrewsbury@crowell.com | |
| *Attorneys for Plaintiffs*<br>*Compass, Inc. and Compass RE NY, LLC* | |

*Admitted *pro hac vice*