

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

September 29, 2022

**VIA ECF**

Crowell & Moring LLP
3 Park Plaza, 20th Floor
Irvine, California 92614

+1.949.263.8400 main
+1.949.263.8414 fax

The Honorable Lorna G. Schofield
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

By **October 10, 2022**, non-party NRT New York LLC d/b/a The Corcoran Group ("Corcoran") shall email a letter response, not to exceed three pages, to Plaintiffs' letter to Schofield_NYSDChambers@nysd.uscourts.gov.

Plaintiffs shall serve this Order on non-party Corcoran by **October 3, 2022.**

Dated: September 30, 2022
New York, New York

Re:     *Compass, Inc. and Compass RE NY, LLC v. Real Estate Board of New York, Inc.*,
        No. 1:21-cv-02195 – Request for Pre-Motion Conference on Motion to Compel

Dear Judge Schofield:

Pursuant to Rules II.B, III.A.1, and III.C.3 of the Court's Individual Rules, Local Rule 37.2, and Federal Rule of Civil Procedure 45(d), Plaintiffs Compass, Inc. and Compass RE NY, LLC (collectively, "Compass"), respectfully submit this request for a pre-motion conference on October 13, 2022 and for leave to file a motion to compel non-party NRT New York LLC d/b/a The Corcoran Group ("Corcoran") to comply with Compass's Subpoena to Produce Documents (collectively, the "Subpoena" and individually a "Request").[1] Specifically, Compass asks that Corcoran be required to produce documents in response to Request Nos. 4-8 and 18-20[2] of the Subpoena, as modified in Compass's August 12, 2022 letter[3] to Corcoran. Compass has directly alleged that Corcoran is a co-conspirator, and Corcoran cannot rely upon its non-party status to refuse to produce critical information directly relevant to this case.

A court reviews a motion to compel discovery under a "two-step analytical framework." *In re Novartis & Par Antitrust Litig.*, No. 18 CIV. 4361 (AKH), 2020 WL 3317203, at *4 (S.D.N.Y. June 18, 2020). "First, the moving party must demonstrate that the information sought is discoverable; second, once discoverability has been shown, it is up to the responding party to justify curtailing discovery." *Id.* (internal quotations omitted). A motion to compel is appropriate where, as here, a non-party fails to establish the existence of an undue burden to produce discoverable material and otherwise includes improper general objections.

---

[1] This letter is being simultaneously served via email on counsel for Corcoran, as email has been Compass and Corcoran's usual method of service and communication for written documents.

[2] Compass has agreed to defer discussion of certain other Requests and believes it can reach agreement with Corcoran on any remaining Requests and disputes, but reserves its rights to seek a motion to compel on these Requests should the Parties be unable to come to mutual agreement. Compass raises the specific disputes on these particular Requests in the interest of expediency.

[3] In light of the Court's three-page limit for pre-motion conference letters, Compass has not attached the relevant documents to this letter motion, but can do so at the Court's request.



## I.    Background

Compass served its Subpoena on Corcoran on May 25, 2022. After three meet and confers, Compass significantly modified its Requests and, at Corcoran's request, meticulously outlined the relevance of each Request in writing. On August 5, Corcoran made a counterproposal. However, Corcoran's counterproposal on Request Nos. 4-8 and 18-20 is too narrow, and Corcoran has indicated that it is standing on that counterproposal. Compass thus requests a pre-motion conference regarding a motion to compel production.

## II.    Corcoran Has Not Shown Undue Burden with Respect to the At Issue Requests

Compass's Complaint alleges that Corcoran, along with non-party Douglas Elliman LLC ("D.E."), were co-conspirators in an anticompetitive scheme to harm innovative brokerages, like Compass, and prevent their growth in violation of the antitrust laws. *See, e.g.*, Compl. (ECF No. 1) at ¶¶ 5, 10, 106-11, 102-03. While Corcoran is not a named party in the litigation, Compass is still entitled to seek relevant and crucial information from a critical third party. *See Chevron Corp. v. Donziger*, Case No. 11-Civ.-0691 (LAK), 2013 WL 1087236, at *32 (S.D.N.Y. Mar. 15, 2013) (compelling discovery, because third party was "no ordinary, unrelated non-party witness," but rather an "alleged co-conspirator" whose "actions are at issue in this case"); *Amphenol Corp. v. Fractus, S.A.*, No. 19 Misc. 160 (PAE), 2019 WL 2521300, at *11 (S.D.N.Y. June 19, 2019) (stating that it was not unreasonable for a party to seek discovery from a non-party because of the important role the non-party had in the controversy).

As discussed above, Compass has firmly established relevance to Corcoran. Now, it is Corcoran's responsibility to establish "that the discovery sought is unduly burdensome." *In re Namenda Direct Purchaser Antitrust Litig.*, 15 Civ. 7488, 2017 WL 4700367, at *2 (S.D.N.Y. Oct. 19, 2017) (citations omitted). Yet, Corcoran has failed to explain how the Requests impose an undue burden or are overbroad, and thus Corcoran's objections are wholly insufficient. *See In re Nielsen Co.*, 20 Misc. 300 (LGS), 2020 WL 6130674, at *2 (S.D.N.Y. Oct. 16, 2020) (Schofield, J.) (compelling discovery when non-party only provided "speculative" harms that could be easily addressed). Compass provides a more detailed explanation of why Corcoran's refusals with regard to Request Nos. 4-8 and 18-20 are improper below:

| No. | Discovery Sought by Compass | Corcoran's Proposal | Why Corcoran's Proposal Is Improper |
|---|---|---|---|
| 4-5 | Documents and communications regarding instances where Corcoran considered filing a complaint that Compass or another member of REBNY violated Article II, Section 7. | *Only* internal communications or communications with D.E. about filing complaints against Compass and no other brokerage. | Whether Corcoran considered filing complaints against other brokerages is highly relevant, and Corcoran has not demonstrated that responding to these requests will impose any undue burden. *See Kenyon v. Simon & Schuster, Inc.*, No. 16 MISC. 327 (P1), 2016 WL 5930265, at *4-5 (S.D.N.Y. Oct. 11, 2016). |
| 6 | Documents and communications | *Only* instances where Corcoran's | Compass may have limited knowledge of accusations it made against Corcoran |



| | | | |
|---|---|---|---|
| | concerning situations where Compass or D.E. alleged that Corcoran violated Article II, Section 7. | fellow co-conspirator, D.E., accused Corcoran of violating Article II, Section 7. | but it has no knowledge of Corcoran's related internal discussion. This is information that only Corcoran would have. *Sanborn Libr. LLC v. ERIS Info. Inc.*, No. 19-CV-2049, 2021 WL 4316141, at *2 (S.D.N.Y. Sept. 22, 2021) (compelling discovery when the material sought "can be obtained only through" the third party). |
| 7-8 | Documents and communications where Corcoran released or was asked to release a listing, or refused to pay commissions for real estate agents who were leaving Corcoran. | Corcoran objects that responding to these requests would be difficult because "multiple individuals are involved" and "Compass poached" some of those individuals. Corcoran has consistently declined to provide a specific counterproposal. | These documents relate directly to specific allegations made in Compass's complaint regarding Corcoran's actions. Further, Compass has repeatedly requested that Corcoran provide additional information on its process for evaluating the release of property listings or clawing back commissions, so that it can narrow the scope, as requested. Corcoran's refusal to provide such information has made it impossible for Compass to begin trying to potentially narrow the scope of the Requests. |
| 18-20 | Documents that analyze brokerage size and agent movement in New York City and materials relating to any proposed or actual agreement between Corcoran and REBNY, Compass, or any other brokerage related to the recruitment, movement, or transfer of real estate agents, employees, or listings. | Corcoran objects that these are "overbroad" and "disproportionate to the needs of the case." | Competitors' analyses of the market and agreements between competitors that could have an effect on the market are relevant in an antitrust case. *See In re Novartis*, 2020 WL 3317203, at *4 (noting that the ability of other potential competitors to enter the relevant market "lies at the core of Plaintiffs' case for damages"); *see also In re Blue Cross Blue Shield Antitrust Litig.*, Case No. 2:13-cv-20000-RDP, 2017 WL 11539533, at *3 (N.D. Ala. Dec. 4, 2017) (stating that non-party's documents regarding geographic markets, competition, market entry and exit, and financial health were "clearly relevant" to the antitrust case). |

## III.   Conclusion

For these reasons, among others, we submit to Your Honor the basis for Compass's request for a pre-motion conference and request to file its motion to compel Corcoran to produce documents in response to Request Nos. 4-8 and 18-20 of the Subpoena. We thank the Court for its attention and consideration of this request.

 Crowell

Respectfully submitted,

*/s/ Eric Fanchiang*
Chahira Solh (*pro hac vice*)
Marlee Santos (Bar No. 5570593)
Eric Fanchiang (*pro hac vice*)
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614
(949) 263-8400
csolh@crowell.com
msantos@crowell.com
efanchiang@crowell.com

Glen G. McGorty
CROWELL & MORING LLP
590 Madison Ave, 20th Floor
New York, New York 10022
(212) 223-4000
gmcgorty@crowell.com

*Attorneys for Plaintiffs*
*Compass, Inc. and Compass RE NY, LLC*

cc: All Counsel of Record (via ECF); Counsel for Corcoran (via email)