# Holland & Knight

One Arts Plaza, 1722 Routh Street, Suite 1500 | Dallas, TX 75201 | T 214.964.9500 | F 214.964.9501
Holland & Knight LLP | www.hklaw.com

Nicholas A. Sarokhanian
+1 214-964-9496
Nicholas.Sarokhanian@hklaw.com

October 14, 2022

The Honorable Lorna G. Schofield
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     **Response to Request for Pre-Motion Conference on Motion to Compel;** *Compass, Inc. and Compass RE NY, LLC* (collectively, "**Compass**") *v. Real Estate Board of New York, Inc.* ("**REBNY**"), Case No. 21-2195.

Dear Judge Schofield:

Non-Party NRT New York LLC d/b/a The Corcoran Group ("**Corcoran**") respectfully submits its response to the September 29, 2022 letter, filed by Compass [ECF No. 68] ("**Pre-Motion Letter**"), requesting a pre-motion conference on a motion to compel Corcoran to comply with Request Nos. 4-8 and 18-20 in Compass's Subpoena to Produce Documents ("**Document Subpoena**"). While Corcoran looks forward to discussing the Document Subpoena at a conference, Corcoran respectfully submits that this is not a garden-variety discovery dispute that warrants resolution without the benefit of full briefing on the issues—such as the impact of the Confidential Settlement Agreement between Compass and Corcoran to the Document Subpoena—among other things.

## 1.   The Documents Sought are Irrelevant to the Gravamen of Compass's Claims.

Despite having the burden to establish the relevance of the materials sought, *see, e.g.*, *Citizens Union of City of N.Y. v. Att'y Gen. of N.Y.*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017) (internal citations omitted), Compass cannot do so. As Compass has repeatedly explained to the Court, the heart of its case against REBNY is the establishment, amendment, and enforcement of Article II, Section 7 of the REBNY Universal Co-Brokerage Agreement ("**UCBA**"). *See, e.g.*, Compl., ECF No. 1 at ¶¶ 106-11 (cited in the Pre-Motion Letter, and repeatedly discussing Article II, Section 7); Opp. to Mot. to Dism., ECF No. 25 at 6 (stating Compass "filed this action against [REBNY] to challenge its anticompetitive creation, amendment, and selective enforcement of Article II, Section 7 . . . and its illegal conspiracy with [Corcoran] and [Douglas Elliman] to hinder Compass's growth and harm competition."); *see also* Order on Mot. to Dism. [ECF No. 32] at 12 (finding the two unlawful agreements alleged by Compass "largely converge: The agreement to prevent Compass from recruiting agents was perpetuated by the adoption, revision, and selective enforcement of Article II, Section 7").

Anchorage | Atlanta | Austin | Bogotá | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville
Lakeland | London | Los Angeles | Mexico City | Miami | New York | Northern Virginia | Orlando | Philadelphia | Portland
San Francisco | Stamford | Tallahassee | Tampa | Washington, DC | West Palm Beach

Hon. Lorna G. Schofield
Page 2

As such, Compass has repeatedly argued that the "focus" of discovery should be Article II, Section 7:

> ***What we'd like to focus discovery on, really, is there is one particular rule that is at issue in this litigation, and it's Article II, Section 7 of the Universal Co-brokerage Rules.*** And there are really three types of discovery or three requests that we would like to make. . . . And there are three requests in there that we really think would stand out, and really be important for us right now, and would allow us to move forward with the case. And those would be documents and communications related to the ***adoption of Article II, Section 7***; documents and communications related to the ***enforcement of Article II, Section 7***; and documents and communications ***related to amendments of Article II, Section 7***. And those are really all of -- relate to the claims that we are making in the complaint.[1]

> \* \* \*

> Compass's initial discovery requests are targeted at information surrounding the ***enactment***, ***amendment***, and ***enforcement of Article II, Section 7***, which is ***the key*** aspect of Compass's claims.[2]

Yet most of what Compass wishes to compel have almost no relevance to those issues. Indeed, Compass seeks to compel the production of Corcoran's highly sensitive documents that are unconnected to adoption, amendment, and enforcement of Article II, Section 7, such as: (a) documents about Corcoran releasing (or not) exclusive listings in New York City and paying (or not) commissions to its former agents (regardless of whether those agents went to Compass), and (b) Corcoran's documents "that analyze brokerage size and agent movement in New York City. *See* ECF No. 68 at 3 (Request Nos. 7-8, 18-20). And with respect to the few requests related to Article II, Section 7 (Request Nos. 4-6), Compass failed to explain why Corcoran's proposed limitations are insufficient. Because what Compass is demanding has "little apparent or likely relevance to the subject matter," its requested relief should be denied. *See, e.g.*, *Amphenol Corp. v. Fractus, S.A.*, No. 19 MISC. 160 (PAE), 2019 WL 2521300, at \*5–6 (S.D.N.Y. June 19, 2019) (cited in the Pre-Motion Letter and quoting *Kirschner v. Klemons,* No. 99 Civ. 4828 (RCC), 2005 WL 1214330, at \*2 (S.D.N.Y. May 19, 2005)) (cleaned up).

   2.  **The Court Should Consider the Impact of the Settlement Agreement and the Withdrawal of Complaints Pending with REBNY on the Document Subpoena.**

Even if the requests could be considered relevant when they were served months ago, Compass's subsequent actions reduced the "importance of the discovery in resolving the issues" to almost nothing. *See* Fed. R. Civ. P. 26(b)(1). Although Compass failed to mention it in the Pre-Motion Letter, Compass and Corcoran (as well as it parent and many related entities) ***entered a confidential settlement agreement the day before*** Compass suddenly filed the Pre-Motion Letter. A critical issue is the impact of that settlement agreement on the Document Subpoena. Moreover, after filing the Pre-Motion Letter, Compass and Corcoran both withdrew all complaints asserted one another that were pending before REBNY, including claims alleging violations of Article II,

---

[1] June 25, 2021 Hrg. Tr., ECF No. 26, at 4:21 to 5:13 (emphasis added).
[2] Joint Ltr. for Rule 16 Initial Pret. Conf., ECF No. 22, at 5 (emphasis added).

Hon. Lorna G. Schofield
Page 3

Section 7 of the UCBA—the professed heart of Compass's claims against REBNY—negating much of Compass's complaint regarding the stacking of Article II, Section 7 violations and Compass's potential suspension from the Residential Listing Service for such violations.

Although Compass initially objected to Corcoran even mentioning, much less providing, the settlement agreement to the Court, it has since consented to Corcoran confidentially submitting it to chambers via email. Mindful of the Court's page limitations, Corcoran has not attached the settlement agreement, or the parties' withdrawal of their REBNY claims, to this correspondence, but is happy to provide them to Your Honor so you may consider their application to the Document Subpoena.

### 3. Compass Should First be Required to Obtain Documents from REBNY.

Despite failing to tell the Court about the settlement agreement, Compass nevertheless asks the Court to overlook Corcoran's status as a non-party, citing inapposite cases where non-parties were co-conspirators or otherwise heavily involved in the disputed facts—but not parties to post-subpoena settlement agreements with someone moving to compel. *See* ECF No. 68 at 1-2.

Compass does so in an attempt to justify demanding documents from a non-party without even receiving *any* documents from the sole defendant, REBNY, or seeking to compel them from REBNY. *See* Jt. Status Ltr., ECF No. 66, at 2 (stating Compass, REBNY, Douglas Elliman, and Corcoran had not produced any documents, but mentioning Compass's plan to compel only Corcoran to do so). Compass has had "ample opportunity" to obtain discovery from REBNY—it filed the complaint in March 2021, and the Court has given Compass multiple extensions of the discovery deadlines[3]—and REBNY, as Compass's adversary, is a "source that is more convenient" than Corcoran. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii). Like the plaintiff in *N'Diaye v. Metro. Life Ins. Co.*, whose motion to compel compliance with a subpoena was denied, rather than "first attempting to compel its adversary to produce the same documents," Compass "opted to seek documents from non-parties, via subpoena." No. 17CV4260GBDBCM, 2018 WL 2316335, at *7 (S.D.N.Y. May 8, 2018) (holding the documents plaintiff sought via subpoena "could and should have been obtained pursuant to Rule 34 . . . without imposing wholly unnecessary burdens on [non-parties]."). Even *Amphenol*, cited by Compass in its Pre-Motion Letter, supports the conclusion that Compass should first obtain and review REBNY's production before filing a motion against Corcoran. *See Amphenol*, 2019 WL 2521300, at *11 (unlike here, the party seeking to enforce a subpoena had first obtained documents from its adversaries and "reported discrepancies across the productions by [the party resisting a subpoena] and these defendants in response to similar document demands.").

\* \* \*

Corcoran therefore requests that the Court set a briefing schedule, and after considering all of the issues, deny Compass's request to compel Corcoran's production. Corcoran thanks the Court for its attention to this important matter.

---

[3] As can be seen from correspondence Corcoran is happy to provide, Compass repeatedly—and without explanation—sat on the Document Subpoena for long stretches of time.

Hon. Lorna G. Schofield
Page 4

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: */s/ Nicholas A. Sarokhanian*

Robert J. Burns
31 West 52nd Street
New York, NY 10019
(212) 513-3200
*robert.burns@hklaw.com*

Nicholas A. Sarokhanian (admitted *pro hac vice*)
HOLLAND & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
(214) 964-9500
*nicholas.sarokhanian@hklaw.com*

*Attorneys for Non-Party NRT New York LLC
d/b/a The Corcoran Group*

cc:     All counsel of record (via email)

The disputants' letters do not convince the Court they have met and conferred in a sincere effort to narrow the issues requiring judicial resolution.  Plaintiff and non-party Corcoran shall meet and confer in good faith to resolve this dispute to the extent possible.  By **October 25, 2022**, the disputants shall file a joint letter, not to exceed five pages, identifying any remaining areas of dispute and their respective positions on each.  They shall also email the referenced settlement agreement to chambers at Schofield_NYSDChambers@nysd.uscourts.gov, and file it under seal.  So Ordered.

Dated: October 18, 2022
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE