

**Eric Steve Fanchiang**
EFanchiang@crowell.com
(949) 798-1338  direct

Crowell & Moring LLP
3 Park Plaza
20th Floor
Irvine, CA 92614
+1.949.263.8400  main
+1.949.263.8414  fax

*LORNA G. SCHOFIELD*
UNITED STATES DISTRICT JUDGE

November 4, 2022

The Honorable Lorna G. Schofield
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Application **GRANTED.**  For the reasons stated in Plaintiffs' letter, the joint letter may be filed under seal.  The Clerk of Court is respectfully directed to close the gavels at Dkts. No. 68 and 80.

Dated: November 15, 2022
New York, New York

Re:   Compass, Inc. and Compass RE NY, LLC v. Real Estate Board of New York – Case No. 1:21-CV-02195-LGS | Request For Authorization to File Redacted Joint Letter

Dear Judge Schofield:

Pursuant to Rule I.D.3 of the Court's Individual Rules and Procedures for Civil Cases, Plaintiffs Compass, Inc. and Compass RE NY, LLC ("Compass") respectfully request that the Court authorize Compass to file its joint letter (the "Joint Letter") with non-party NRT New York LLC d/b/a The Corcoran Group ("Corcoran") regarding Compass and Corcoran's discovery dispute with limited redactions under seal.  Compass seeks to redact quotations from and discussions of a confidential settlement agreement that the Court ordered Compass and Corcoran to submit under seal.  *See* ECF No. 77.  Corcoran does not oppose this request.

In accordance with this Court's Individual Rules, Compass will publicly file a version of the Joint Letter with the proposed redactions and electronically file a sealed version of the Joint Letter with the proposed redactions highlighted.  Attached hereto as Appendix A is a list of all parties and attorneys of record who should have access to the unredacted Joint Letter.

I.     **Relevant Background**

Compass and Corcoran currently have a dispute regarding whether Corcoran should produce documents in response to Request Nos. 4-8 and 18-20 of Compass's Subpoena to Produce Documents (collectively, the "Subpoena").  *See* ECF No. 68.  Part of Corcoran's argument as to why it should not produce documents relates to a confidential settlement agreement Compass and Corcoran[1] entered into on September 28, 2022.  *See* ECF No. 77 at 2-3.  Compass and Corcoran submitted the discovery dispute to the Court, and the Court ordered that they meet and confer further and submit a joint letter outlining their remaining disputed issues on November 4, 2022.  *See id.* at 4; ECF No. 79.  The Court also ordered that when Compass and Corcoran submit the Joint Letter, they submit the relevant settlement agreement via e-mail and under seal.  ECF No. 77 at 4.  Compass now asks the Court that, in addition to filing the settlement

---

[1] The settlement agreement was entered into by Corcoran and other related corporate family members, as defined in the settlement agreement.



agreement under seal, Compass be further allowed to file the Joint Letter with quotations from and references to the content of the confidential settlement agreement redacted.

**II.     Legal Standard**

Under appropriate circumstances, a Court may enter an order sealing all or a portion of a proceeding.  *See, e.g., Church Ins. Co. v. Ace Prop. & Cas. Ins. Co.*, No. 10-cv-698, 2010 WL 3958791, at *2-3 (S.D.N.Y. Sept. 23, 2010); *Glob. Reinsurance Corp.-U.S. Branch v. Argonaut Ins. Co.*, No. 07-cv-8196, 2008 WL 1805459, at *1-2 (S.D.N.Y. Apr. 24, 2008), *as amended* (Apr. 24, 2008).  Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  As a result, Federal Rule of Civil Procedure 26(c)(1)(G) allows confidential "commercial information" to be protected from public access.

"Courts can seal 'business information that might harm a litigant's competitive standing' in the market." *New York v. Actavis, PLC*, No. 14 Civ. 7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (quoting *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009)).  Depending on the facts of a case, a party's "assertion that its competitors who do not now have this information could use it to do competitive injury" can be "a sufficient basis to grant the [party's] motion to seal," even if the information the party "desires to keep confidential [is] not 'trade secrets' in the traditional sense." *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993).  The key is the information's "potential to do commercial harm," as well as whether the information was "arguably a part of" an adverse party's "efforts to gain competitive advantage." *Id.*  A party, for example, "has a plain privacy interest in maintaining the confidentiality of its settlement terms" that militates against "disclosure of the agreement" when it "would be highly detrimental to that interest." *Ciccotelli v. Deutsche Bank AG*, No. 2:15-CV-105, 2016 WL 2588169, at *9 (D. Vt. May 4, 2016), *aff'd*, 701 F. App'x 67 (2d Cir. 2017).

**III.    Redaction of Compass and Corcoran's Settlement Agreement Provisions Is Warranted**

Filing the Joint Letter with redacted quotations from and references to the content of the relevant settlement agreement is necessary to prevent the unauthorized dissemination of confidential business information, as "the disclosing company is engaged in a highly competitive industry and deliberately has shielded such information from its competitors." *New York*, 2014 WL 5353774, at *3.  Specifically, Compass seeks to preserve as confidential limited discussions of contractual provisions included the confidential settlement agreement, the disclosure of which would detrimentally harm Compass's business in the competitive New York real estate brokerage market.  Compass and Corcoran have "deliberately . . . shielded" the terms of the settlement agreement from their competitors and request that the Court extend said shield to the Joint Letter. *New York*, 2014 WL 5353774, at *3.  The Court has already ordered the settlement agreement be filed under seal, *see, e.g.,* ECF No. 77 at 4, and redacting discussions of the


settlement agreement in the Joint Letter is consistent with the Court's direction that the settlement agreement itself be filed under seal.

Compass's interest in keeping this limited amount of commercial information confidential significantly outweighs any interest in public access to such information, as the settlement agreement was a confidential settlement between Compass and Corcoran. Additionally, aside from the present discovery dispute, the terms of the settlement agreement between Compass and non-party Corcoran do not impact the present action before the Court, so it is not the sort of judicial document that has a presumption of access. *See, e.g.*, *Lugosch*, 435 F.3d at 119–20. Compass's privacy interest is further sufficient because the settlement agreement was between Compass and Corcoran who "is not a party to the present suit." *Ciccotelli*, 2016 WL 2588169, at *9.

### IV.   Requested Relief

For these reasons, Compass respectfully requests that the Court authorize Compass to file its Joint Letter with Corcoran with quotations from or references to the contents of the relevant settlement agreement redacted.

Respectfully submitted,

*/s/ Eric Fanchiang*
Chahira Solh (*pro hac vice*)
Marlee Santos (Bar No. 5570593)
Eric Fanchiang (*pro hac vice*)
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614
(949) 263-8400
csolh@crowell.com
msantos@crowell.com
efanchiang@crowell.com

Glen G. McGorty
CROWELL & MORING LLP
590 Madison Ave, 20th Floor
New York, New York 10022
(212) 223-4000
gmcgorty@crowell.com

*Attorneys for Plaintiffs*
*Compass, Inc. and Compass RE NY, LLC*

cc:    All Counsel of Record (via ECF); Counsel for Corcoran (via ECF and email)



**Appendix A**

The following parties and attorneys of record should have access to the unredacted joint letter:

<u>Counsel for Plaintiffs Compass, Inc. and Compass RE NY, LLC</u>

    Chahira Solh

    Glen McGorty

    Marlee Santos

    Eric Fanchiang

<u>Non-Party NRT New York LLC d/b/a The Corcoran Group</u>

    Nicholas Sarokhanian

    Robert J. Burns