

December 9, 2022

**VIA ECF**

The Honorable Lorna G. Schofield
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *Compass, Inc. and Compass RE NY, LLC v. Real Estate Board of New York* –
Case No. 1:21-CV-02195-LGS – Request for Pre-Motion Conference on Motion for Voluntary Dismissal Without Prejudice

Dear Judge Schofield:

Pursuant to Rules III.A.1 and III.C.2 of the Court's Individual Rules, Local Rule 7.1, and Federal Rule of Civil Procedure 41(a)(2), Plaintiffs Compass, Inc. and Compass RE NY, LLC (collectively, "Compass") respectfully submit this request for a pre-motion conference on or before December 27, 2022 regarding a request to voluntarily dismiss this Action without prejudice, or alternatively, for leave to file a motion to voluntary dismiss this Action without prejudice. Compass believes the allegations in its Complaint, which survived a motion to dismiss and a motion for reconsideration, are well-supported and are being further supported as discovery progresses. However, due to procompetitive changes within the market regarding approaches to agent mobility and referral of listings, and the withdrawal of certain complaints under Article II, Section 7 filed before REBNY by other brokerages (see ECF No. 77 at 2-3), Compass now believes Compass and REBNY should try to resolve their dispute regarding Article II, Section 7 outside of litigation. Compass thus asks that the Court dismiss this Action without prejudice. Compass does not presently intend to file another suit, but dismissal without prejudice would allow the Parties to preserve judicial resources and their own resources, while still allowing Article II, Section 7 to be challenged in the future if the rule is again enforced in a discriminatory manner that directly limits Compass's ability to recruit agents. Compass believes that REBNY will not be prejudiced by this dismissal as discovery is still in the early stages.[1]

**I. Relevant Background**

Compass filed its Complaint on March 12, 2021. (ECF No. 1). However, REBNY filed a motion to dismiss shortly thereafter, and discovery did not begin until April 2022 after the Court denied REBNY's motion to dismiss. (*See* ECF No. 87 at 1). While the Parties have progressed with discovery, including by serving Requests for Production of Documents, negotiating the parameters of productions, and beginning the process of reviewing documents for production, no documents have been exchanged and no depositions have been scheduled. (*See id.* at 2). No summary judgment motions have been filed (*see id.* at 1), fact discovery will not close for more than two months (*see* ECF No. 61 at 2-3), and no trial date has been set (*see id.*).

**II. REBNY Will Not Suffer Prejudice If The Action Is Dismissed And The *Zagano* Factors Militate In Favor Of Voluntary Dismissal Without Prejudice**

---

[1] Compass asked that REBNY stipulate to dismissal without prejudice, but REBNY refused. In light of the Court's three-page limit for pre-motion conference letters, Compass has not attached the relevant correspondence to this letter, but can do so at the Court's request.

crowell.com
IRACTIVE-11524570.9



An action may be dismissed by the plaintiff "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). While voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(2) is not a matter of right, the presumption in the Second Circuit is that a court should grant dismissal absent a showing that the defendant will suffer substantial prejudice as a result. *See Paulino v. Taylor*, 320 F.R.D. 107, 109 (S.D.N.Y. 2017). The plain legal prejudice that will result to the defendant must be something other than the mere prospect of a second litigation. *Id.*

There are two lines of authority that govern whether voluntary dismissal under Fed. R. Civ. P. 41(a)(2) should be granted. *See McKoy v. Trump Corp.*, No. 18 Civ. 9936 (LGS), 2022 U.S. Dist. LEXIS 177657, at *2-3 (S.D.N.Y. Sept. 29, 2022) (Schofield, J.). Under one line of authority, the analysis focuses on whether the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit. *Id.* Under the other line of authority, five factors, known as the *Zagano* factors, are considered: (1) the plaintiff's diligence in bringing the motion; (2) any undue vexatiousness by the plaintiff; (3) the extent to which the suit has progressed; (4) the duplicative expense of relitigation; and (5) the adequacy of the plaintiff's explanation for the need to dismiss. *Id.* No one factor is dispositive. *Id.* at *3. Under both lines of authority, Compass's request for voluntary dismissal without prejudice should be granted.

**REBNY will not be prejudiced by Compass's voluntary dismissal.** The Supreme Court and the Second Circuit have both "recognized that 'starting a litigation all over again does not constitute legal prejudice.'" *Paulino*, 320 F.R.D. at 109 (quoting *D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) (citing *Jones v. SEC*, 298 U.S. 1, 19 (1936))). Rather, "legal prejudice requires that 'the case has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and he would be prejudiced by being remitted to a separate action.'" *Paulino*, 320 F.R.D. at 109-10 (quoting *Jones*, 298 U.S. at 20). Here, the case is still within its early stages, as fact discovery does not close for more than two months, expert discovery does not close for nearly six months, and no parties have filed summary judgment motions. (*See* ECF No. 61 at 1-2). While Compass hopes to resolve its disputes with REBNY outside of litigation, should there be a need to file the suit anew, the Parties will have the benefit of having already negotiated initial discovery parameters and resolved initial pleading disputes: no substantive issues on the merits have been litigated and REBNY has not sought affirmative relief in its affirmative defenses. Accordingly, there can be no prejudice to REBNY by dismissing this case without prejudice at this juncture.

**The *Zagano* factors favor voluntary dismissal.** First, Compass has acted diligently. Shortly after discovery was opened, Compass began serving discovery and negotiating with REBNY and third parties regarding the parameters of that discovery. (*See* ECF No. 87 at 2-3). However, Compass continually monitored the state of the market to determine whether the market was best served by its suit; as soon as it became clear that enforcement and agent movement patterns had definitively shifted in a procompetitive way, Compass brought this motion. Compass has also filed this request for dismissal at a relatively early stage, more than two months before fact discovery is to close and well before any expert deadlines or deadlines for dispositive motions. (*See* ECF No. 61 at 1-2).

Second, Compass has not acted with any vexatiousness. Vexatiousness "refers to instances in which the case was brought to harass the defendant or the plaintiff had ill-motive."

IRACTIVE-11524570.9



*Paulino*, 320 F.R.D. at 110. Here, Compass did not file this suit to harass REBNY—Compass firmly believes it was injured by REBNY's conduct (*see, e.g.*, Compl. ¶¶ 65, 88, 90-94, 96), and its claims have survived both REBNY's motion to dismiss and REBNY's motion for reconsideration (*see* ECF Nos. 32 and 50). Compass has also engaged with REBNY and third parties earnestly and diligently regarding discovery. (*See* ECF No. 87 at 2-3). Compass brought its suit in good faith; in that same spirit of good faith, it now seeks to dismiss without prejudice as external circumstances have mitigated the alleged conduct that prompted the lawsuit.

Third, the case is still within its early stages. Under this factor, "[t]he standard for concluding that a suit has progressed far enough to weigh against dismissal is high, and is usually satisfied only where substantial discovery, summary judgment motion practice, or trial preparation has occurred." *Paulino*, 320 F.R.D. at 111 (internal quotations and citations omitted). While the Parties have begun the discovery process, the Parties have yet to exchange documents or take depositions. (*See* ECF No. 87 at 2-3). Fact discovery does not close for more than two months, expert discovery does not close for nearly six months, and no parties have filed summary judgment motions. (*See* ECF No. 61, at 1-2).

Fourth, there is no risk of duplicative expense of relitigation. In light of the case's posture and even if Compass were to refile its case, all of REBNY's efforts in this case could be applied and used for that future case[2]. *See Jaskot v. Brown*, 167 F.R.D. 372, 374 (S.D.N.Y. 1996) (stating that dismissal was justified even though discovery had already closed because "[i]n any event, the time and expense the defendant incurred to gather the facts, file a motion to dismiss, and conduct discovery will not be wasted if these allegations do in fact appear in a subsequent complaint," as "the same arguments and facts can be used at that time").

Finally, Compass has an adequate reason for the dismissal. Courts have found adequate reason for voluntary dismissal in a variety of circumstances. *See, e.g.*, *Morgan v. Town of Dewitt*, No. 12 Civ. 1136, 2013 WL 5217947, at *3 (N.D.N.Y. Sept. 16, 2013); *see also Shah v. RBC Cap. Markets Corp.*, No. 10 Civ. 7672, 2011 WL 2638139 (S.D.N.Y. July 5, 2011). Here, there has been procompetitive changes within the market regarding approaches to agent mobility and referral of listings, and certain complaints under Article II, Section 7 filed before REBNY by other brokerages have been withdrawn (*see* ECF No. 77 at 2-3). Given these changed circumstances, Compass believes it would be far more efficient for the Parties to try to resolve their remaining disputes outside of the litigation process and reserve judicial resources.

**III. Conclusion**

For the reasons discussed above, Compass thus asks that the Court dismiss this Action without prejudice, or alternatively, grant Compass leave to file a motion asking for dismissal without prejudice.

---

[2] For this reason and because Compass has not acted with bad faith or vexatiousness, an award of legal fees would be inappropriate here. *See Brown v. Brooklyn Indus. LLC*, No. 13 Civ. 3695 2015 WL 1726489, at *3 (S.D.N.Y. Apr. 15, 2015) (stating that courts have refused to award fees following a Fed. R. Civ. P. 41(a)(2) dismissal absent bad faith or vexatiousness on the part of the plaintiff); *see also Ames v. Clifford*, No. 94 Civ. 6712 (JSM), 1996 WL 563098, at *1 (S.D.N.Y. Oct. 2, 1996) (stating that, if awarded, legal fees must be limited to compensation for work that cannot be used in a second contemplated action).



Respectfully submitted,

*/s/ Chahira Solht*
Chahira Solh (*pro hac vice*)
Marlee Santos (Bar No. 5570593)
Eric Fanchiang (*pro hac vice*)
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614
(949) 263-8400
csolh@crowell.com
msantos@crowell.com
efanchiang@crowell.com

Glen G. McGorty
CROWELL & MORING LLP
590 Madison Ave, 20th Floor
New York, New York 10022
(212) 223-4000
gmcgorty@crowell.com

*Attorneys for Plaintiffs*
*Compass, Inc. and Compass RE NY, LLC*

cc: All Counsel of Record (via ECF)

IRACTIVE-11524570.9