# Holland & Knight

One Arts Plaza, 1722 Routh Street, Suite 1500 | Dallas, TX 75201 | T 214.964.9500 | F 214.964.9501
Holland & Knight LLP | www.hklaw.com

Nicholas A. Sarokhanian
+1 214-964-9496
Nicholas.Sarokhanian@hklaw.com

December 16, 2022

The Honorable Lorna G. Schofield
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *Compass, Inc. and Compass RE NY, LLC* (collectively, "**Compass**") *v. Real Estate Board of New York, Inc.* ("**REBNY**"), Case No. 1:21-CV-2195-LGS.

Dear Judge Schofield:

Non-Party NRT New York LLC d/b/a The Corcoran Group ("**Corcoran**") respectfully writes to briefly provide the perspective of a non-party who was greatly prejudiced by this baseless action, both in terms of its reputation (having been wrongly accused, as a non-party "co-conspirator," of committing antitrust violations) and financially (having incurred significant attorney's fees defending, for months, against clearly overbroad, harassing subpoenas that almost totally duplicated discovery in the New York Action[1]).

Compass served its subpoenas on Corcoran in May 2022. Since the time Corcoran served its objections in June 2022 to the present, Corcoran consistently objected to:

- the subpoenas' overbreadth (with most document demands going far astray from what Compass's counsel represented to the Court was the "focus" of discovery and the "key aspect of Compass's claims"),[2]

- the tremendous overlap between the subpoenas' overbroad demands with discovery in the New York Action, and Compass's hypocritical attempt to use the subpoenas as an end-run around its baseless position that it need not produce reciprocal documents to Corcoran in the New York Action because the issues of releasing listings in New York City must be, according to Compass, solely arbitrated before REBNY—not litigated in court; and

- Compass's unexplained failure—as the plaintiff—to obtain *any* documents at all from the only defendant, REBNY, before insisting that Corcoran agree to produce vast swathes of irrelevant documents.

---

[1] Referring to *Realogy Holdings Corp., et al. v. Urban Compass, Inc., et al.*, Index No. 653927/2019, in the Supreme Court of New York.
[2] *See* ECF 77 at 2 (citing June 25, 2021 Hrg. Tr., ECF No. 26, at 4:21 to 5:13)).

Hon. Lorna G. Schofield
Page 2

It took numerous conferences (by phone, emails, and letters) over several months for Compass to finally offer to modestly narrow its subpoenas. Even then, Compass sat on the subpoenas for over three weeks in September 2022 before suddenly filing—*the day after it and Corcoran signed the settlement agreement resolving the New York Action*—its letter seeking a pre-motion conference on a motion to compel against Corcoran.[3]

As Corcoran previously advised, Compass—despite its repeated representations to the Court about its alleged diligence in pursuing discovery—repeatedly would let weeks pass without contacting Corcoran about the subpoenas or to following up on its promised proposals.[4] Beyond the example just given, another emblematic example concerns the November 14, 2022 letter advising Your Honor that Compass and Corcoran had met and conferred and Compass did not have "any additional issues that require resolution by the Court at this time."[5] What prompted that letter was Compass's agreement—made on November 10, 2022, after the undersigned called Compass to discuss a compromise—to drop its request for the conference if Corcoran would consider search terms and custodians that Compass would provide. Compass never did so. The next time Corcoran heard anything from Compass on this action was when it received, out of the blue, its December 9, 2022 letter to Your Honor asking for a without-prejudice dismissal.

Corcoran has long believed that Compass brought this action as a public-relations stunt designed to divert attention from the far more seriously litigated New York Action brought against Compass. Indeed, at the time Compass filed this case against REBNY, it was seeking to compel Corcoran to arbitrate its claims in the New York Action, with REBNY as the arbitrator.

Whether a PR-stunt or not, the circumstances show that Compass did not seriously pursue its claims or discovery. As REBNY pointed out, Compass—the *plaintiff*—inexcusably failed to produce *a single document* to support its claims, despite a lengthy discovery process.[6] And to the extent the "procompetitive behavior" mentioned by Compass is the withdrawal by Compass and Corcoran of their respective claims against one another pending before REBNY, Compass should have sought the voluntary dismissal in *October 2022* when that occurred—not months later.

Compass's conduct throughout this action directed against Corcoran cannot be considered anything less than vexatious. Not only did Compass drag Corcoran's name through the mud by intentionally and repetitively claiming Corcoran was a "co-conspirator" while avoiding reciprocal discovery by leaving Corcoran out of the case, but the way it haphazardly pursued its overbroad and harassing subpoenas inflicted serious costs on Corcoran, in violation of Federal Rule of Civil Procedure 45.

To date, Corcoran has incurred $82,020 in attorney's fees. And because the subpoenas greatly overlap with the discovery in the New York Action—and Compass's failure to provide any search-term and custodian proposal, despite Corcoran's request for one for months and despite Compass's November 10, 2022 agreement to provide one—Corcoran has been forced to preserve and maintain terabytes of ESI collected in connection with the New York Action that remains hosted by its

---

[3] *See, e.g.*, ECF No. 77 at 2.
[4] *See, e.g.*, ECF No. 77 at 3 n. 3 ("As can be seen from correspondence Corcoran is happy to provide, Compass repeatedly—and without explanation—sat on the Document Subpoena for long stretches of time.").
[5] *See* ECF No. 84.
[6] *See* ECF No. 91 at 3.

Hon. Lorna G. Schofield
Page 3

external eDiscovery vendor. Even after recently (*i.e.*, December 2022) putting that ESI in "cold storage," the cost to maintain it in even that state is $16,425 per month. Compass's request for a without-prejudice dismissal, so it can continue to dither and perhaps later decide to reassert its claims against REBNY and revive its subpoenas against Corcoran, prejudices Corcoran if it must continue to preserve that ESI.

\* \* \*

Corcoran therefore joins REBNY's request that any dismissal of the action either be with prejudice or conditioned on Compass reimbursing Corcoran's reasonable attorney's fees and eDiscovery costs (including all going forward preservation costs).

In the alternative, Corcoran respectfully requests that it be released from any obligation to preserve the aforementioned ESI (*i.e.*, what was collected or received in the New York Action) and that Compass's subpoenas be quashed in their entirety.

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: /s/ *Nicholas A. Sarokhanian*

Robert J. Burns
31 West 52nd Street
New York, NY 10019
(212) 513-3200
robert.burns@hklaw.com

Nicholas A. Sarokhanian (admitted *pro hac vice*)
HOLLAND & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
(214) 964-9500
nicholas.sarokhanian@hklaw.com

*Attorneys for Non-Party NRT New York LLC d/b/a The Corcoran Group*

cc:   All counsel of record (via email)