UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
COMPASS, INC., et al., :
                                      Plaintiffs, :        21 Civ. 2195 (LGS)
                                                  :
              -against-                   :              <u>ORDER</u>
                                                  :
REAL ESTATE BOARD OF NEW YORK, :
                                      Defendant. :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on December 9, 2022, Plaintiffs filed a letter regarding the voluntary dismissal of this Action under Federal Rule of Civil Procedure 41(a)(2), seeking leave to dismiss without prejudice. On December 16, 2022, Defendant and non-party NRT New York LLC d/b/a The Corcoran Group ("Corcoran") each filed a letter in response, opposing the request and arguing that the dismissal be with prejudice. On December 19, 2022, Plaintiffs filed a further letter, seeking leave to respond to allegations in Defendant and Corcoran's letters.

       WHEREAS, in considering requests for a voluntary dismissal without prejudice under Rule 41(a)(2), "a court considers (1) the plaintiff's diligence in bringing the [request], (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Baiul v. NBC Sports*, 708 F. App'x 710, 713-14 (2d Cir. 2017) (summary order). "[D]ismissal without prejudice is improper if the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Id.* (internal quotation marks omitted).

       WHEREAS, on the whole, these factors favor Plaintiffs. Plaintiffs cite "procompetitive changes within the market" and "the withdrawal of certain complaints" as the basis for their motion, which Defendant notes occurred no later than October 4, 2022. The former is not

reducible to a specific date and the time period between the withdrawal of the relevant complaints before Defendant and Plaintiffs' filing of this request does not disprove Plaintiffs' diligence. Corcoran alleges vexatiousness by virtue of Plaintiffs' naming of Corcoran as a co-conspirator with Defendant and Plaintiffs' making of allegedly overbroad discovery requests.  However, listing the alleged participants in an antitrust conspiracy and negotiating over the scope of discovery requests are standard aspects of litigation, rather than undue vexatiousness.  As to the progress of the suit, no party has moved for summary judgment -- nor could they reasonably do so, as the parties have yet to produce documents.  There is little risk of re-litigation because this case is at an early stage.  Finally, Plaintiff notes the withdrawal of certain complaints central to its claims and larger shifts in the market, providing an adequate explanation for dismissal.  Taken as a whole, the factors weigh in favor of allowing the voluntary dismissal without prejudice.

WHEREAS, Defendant faces no legal prejudice as a result of Williams' dismissal. Defendant's letter argues that Plaintiffs' claims fail on the merits; however, these arguments do not address how allowing Plaintiffs to withdraw those claims now would cause prejudice to Defendant.  It is hereby

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 41(a)(2), this Action is **DISMISSED**, without prejudice.  Plaintiff's request for leave to file a further letter is denied as moot.

The Clerk of Court is respectfully directed to close the motion at Dkt. 89 and to terminate the case.

Dated: December 19, 2022
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE