IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMPASS, INC. and COMPASS RE NY LLC,<br><br>Plaintiffs,<br><br>v.<br><br>REAL ESTATE BOARD OF NEW YORK, INC.,<br><br>Defendant. | Case No.: 1:21-cv-02195-LGS |

**DECLARATION OF JESSICA T. ROSENBERG IN SUPPORT OF NON-PARTY DOUGLAS ELLIMAN, LLC'S MOTION FOR ITS REASONABLE ATTORNEY'S FEES AND COSTS INCURRED IN RESPONDING TO PLAINTIFFS' SUBPOENAS**

I, Jessica T. Rosenberg, hereby declares as follows under penalty of perjury:

1. I am a partner at Kasowitz Benson Torres LLP, counsel for non-party subpoena recipient Douglas Elliman, LLC ("Elliman"). I submit this declaration in support of Elliman's motion for attorney's fees.

2. Attached as **Exhibit A** is a true and correct copy of a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, which was issued by Compass, Inc. and Compass RE NY LLC (collectively, "Compass") on non-party Elliman in the above-captioned matter on May 25, 2022.

3. Attached as **Exhibit B** is a true and correct copy of a Subpoena to Testify at a Deposition in a Civil Action, which Compass issued on non-party Elliman in the above-captioned matter on May 25, 2022.

4. Attached as **Exhibit C** is a true and correct copy of Non-Party Douglas Elliman, LLC's Responses & Objections to Plaintiffs' Subpoena to Produce Documents,

1

|   |   |
|---|---|
|   | Information or Objects or Permit Inspection of Premises in a Civil Action. |
| 5. | Attached as **Exhibit D** is a true and correct copy of Non-Party Douglas Elliman, LLC's Responses & Objections to Plaintiffs' Subpoena to Testify at a Deposition in a Civil Action. |
| 6. | Attached as **Exhibit E** is a true and correct copy of e-mail correspondence between counsel for Elliman and counsel for Compass, dating from June 27, 2022 through November 3, 2022. |
| 7. | Attached as **Exhibit F** is a true and correct copy of a letter that counsel for Compass sent to counsel for Elliman on July 28, 2022. |
| 8. | On June 8, 2022, counsel for Elliman and Compass spoke by telephone. During that call, they agreed on dates for Elliman's responses and objections to Compass's subpoenas and agreed to put a deposition date on hold pending further discussion. |
| 9. | On July 8, 2022, counsel for Elliman and Compass held a meet-and-confer by telephone to discuss Compass's document requests and Elliman's objections thereto. During that call, Elliman agreed to propose search terms and custodians for Document Requests Nos. 1-4. |
| 10. | During the first few days of August 2022, Elliman worked to assess the review set of Compass's eight proposed search strings for the two agreed-upon custodians, and Elliman determined that six of those eight search strings collectively returned approximately 9,000 items, but the remaining two search strings collectively returned approximately 160,000 items. |
| 11. | On Friday, August 12, 2022, counsel for Elliman and Compass held a meet-and-confer by telephone. During that call, Elliman's counsel informed Compass's |

counsel that it agreed to the six more narrow search strings that Compass proposed, but that it would be an undue burden for Elliman to review the approximately 160,000 items that return pursuant to the other two. Elliman also explained that within the agreed-upon custodians and search strings, Elliman would also produce materials responsive to Requests 5-6, and to another request as narrowed by Compass's July 28 letter.

12. The two narrowed search strings that Compass proposed on August 19 returned approximately 23,000 items.

13. On September 30, 2022, counsel for Elliman and Compass held a meet-and-confer by telephone. During that call, Elliman explained that, subject to the agreed-upon custodians and search terms, Elliman would produce documents responsive to all of Compass's document requests. Elliman also stated that it was in the midst of its review and may be able to make a production in October.

14. Of the seven search strings that Compass proposed on October 10 for the third and fourth agreed-upon custodians, six collectively returned approximately 4,800 items, while the seventh returned well over 50,000 items.

15. The agreed-upon, narrowed search string for the third and fourth custodians returned approximately 6,000 additional items.

16. In total, across the four custodians and fifteen search strings, Elliman agreed to review approximately 43,000 items in the files of four custodians. Elliman worked diligently throughout the fall, and especially in October and November to review these items, and by early December—slightly over a month before this case's date for the completion of document discovery—Elliman had completed first-level, second-

level, and privilege review of the approximately 43,000 items, and was prepared to produce approximately 3,500 responsive items.

17. From November 3 until the filing of its December 9 letter seeking voluntary dismissal, counsel for Compass did not communicate with counsel for Elliman.

18. On January 6, counsel for Elliman sent counsel for Compass a letter in an attempt to negotiate a compromise whereby Compass would compensate Elliman for a portion of the fees that Elliman spent responding to Compass's subpoenas.

19. Compass replied on January 10 that it had no intention of compromising.

20. Elliman's law firm staffed this matter leanly, assigning one partner, one senior associate, and one junior associate to handle the entirety of the work. These three attorneys billed at reasonable rates for this district, for competitor firms, and for the nature of the work here, which involved responding to two broad subpoenas in a case in which the client was named as a co-conspirator in an antitrust complaint almost 60 pages in length. The attorneys billed their time in tenths of an hour, keeping contemporaneous records of how the time was spent. The total amount sought in this motion is $211,678. If requested, Elliman is willing to provide the Court with a sealed copy of Elliman's legal bills (which are protected by attorney-client privilege) for *in camera* inspection.

21. During Elliman's counsel's document review, it discovered an email dated January 9, 2018, by which Robert Reffkin—Compass's founder, chief executive officer, and REBNY representative—voted to adopt Article II, Section 7, which is the very rule that constituted the purported basis of Compass's suit. If requested, Elliman will provide the Court with a copy of that e-mail.

Dated: February 2, 2023
       New York, New York

                                          KASOWITZ BENSON TORRES LLP

                                          By: */s/ Jessica T. Rosenberg*
                                          Jessica T. Rosenberg
                                          (jrosenberg@kasowitz.com)
                                          1633 Broadway
                                          New York, New York 10019
                                          Telephone:  (212) 506-1700

                                          *Counsel to Non-Party Douglas Elliman, LLC*