# EXHIBIT B

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| Compass, Inc. and Compass RE NY, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:21-cv-02195 |
| Real Estate Board of New York, Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          Douglas Elliman, LLC, 575 Madison Ave., New York, NY 10022

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See attached notice of deposition and schedule of deposition topics.

| Place: Crowell & Moring LLP, 590 Madison Ave., 20th Floor, New York, NY 10022 | Date and Time:<br><br>06/16/2022 9:30 am |
|---|---|

The deposition will be recorded by this method:   Stenographically and by videotape.

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached notice of deposition and schedule of deposition topics.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 5/25/2022

| | |
|---|---|
| *CLERK OF COURT* | |
| | OR   */s/ Chahira Solh* |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Compass, Inc. and Compass RE NY, LLC _____, who issues or requests this subpoena, are:

Chahira Solh, Crowell & Moring LLP, 3 Park Plaza, 20th Floor, Irvine, CA 92614, csolh@crowell.com, Tel: 949-263-8400

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:21-cv-02195

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

COMPASS, INC. and COMPASS RE NY, LLC,

Plaintiffs,

v.

REAL ESTATE BOARD OF NEW YORK, INC.,

Defendant.

Civil Action 1:21-cv-2195-LGS

## PLAINTIFFS COMPASS, INC. AND COMPASS RE NY, LLC'S RULE 30(b)(6)
## DEPOSITION NOTICE TO DOUGLAS ELLIMAN LLC

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Compass, Inc. and Compass RE NY, LLC (collectively, "Compass"), by and through their counsel, will take the deposition of the person or persons designated under Rule 30(b)(6) by Douglas Elliman LLC ("Douglas Elliman") as most knowledgeable of the subject matter set forth below in the Schedule of Deposition Topics.

The deposition shall commence at 9:30 am ET on June 16, 2022, or other mutually convenient date and time, at the offices of Crowell & Moring LLP, 590 Madison Ave., 20th Floor, New York, NY 10022, and shall continue from day to day (weekends and holidays excepted) until completed. The deposition shall be recorded stenographically and by videotape.

Douglas Elliman is advised that Rule 30(b)(6) requires it to produce one or more witnesses at the stated location and time who are aware of and prepared to testify about Douglas Elliman's knowledge, and not just information personally known by the witness, of the topics described and set forth below in the Schedule of Deposition Topics. If the designated representative or representatives do not have such knowledge, they are required to acquire it through whatever reasonable investigation may be necessary.

-1-

**PLEASE TAKE FURTHER NOTICE** that, in accordance with Rule 30(b)(2) of the Federal Rules of Civil Procedure, Douglas Elliman is also required to produce to counsel identified below all documents that relate to the topics set forth in the Schedule of Deposition Topics, to the extent not previously produced or not produced in response to Compass's Requests for Production of Documents previously served upon Douglas Elliman.  Douglas Elliman shall produce these documents no later than one week before the agreed-upon date of the deposition of its designee(s). If Douglas Elliman contends that all responsive documents have previously been produced, Douglas Elliman shall confirm this fact, in writing, to counsel for Compass no later than one week before the deposition date of the first designee to testify on Douglas Elliman's behalf in response to this notice.

## DEFINITIONS AND INSTRUCTIONS

1.    "Douglas Elliman," "you," or "your" means Douglas Elliman LLC and its agents, employees, shareholders, officers, former employees, former officers, directors, subsidiaries, former subsidiaries, parent corporations, former parent corporations, attorneys, affiliated contractors such as real estate agents, former affiliated contractors such as real estate agents, or other persons or entities acting on its behalf.

2.    "Defendant" or "REBNY" means the Real Estate Board of New York, Inc. and its agents, employees, shareholders, officers, directors, former employees, former officers, former directors, subsidiaries, former subsidiaries, parent corporations, former parent corporations, attorneys, or other persons or entities acting on their behalf.

3.    "Plaintiffs" or "Compass" means Compass, Inc. and Compass RE NY, LLC and their agents, employees, shareholders, officers, former employees, former officers, directors, subsidiaries, former subsidiaries, parent corporations, former parent corporations, attorneys,

affiliated contractors such as real estate agents, former affiliated contractors such as real estate agents, or other persons or entities acting on its behalf.

4.      "Person" means any individual, corporation, partnership, association, organization, or other entity of any type or nature.

5.      "Communication" means a verbal or nonverbal exchange, whether written or oral, including inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, e-mail or voice-mail or instant messages, and advertisements.

6.      "Document" is used in the broadest sense permissible under the Federal Rules of Civil Procedure and shall include, without limitation, electronically stored information (see also Definition No. 8 below), letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, facsimile transmissions and receipts, notes, agendas, meeting minutes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and mechanical representations of any kind.  Any non-identical copies of a document, whether different from the original because of the inclusion of notes, comments, notations, interlineations, receipt stamps, or otherwise, are to be considered a separate "document."

7.      "Policy," "procedure," or "practice" means any guidelines, directive, custom or procedure, whether written or unwritten, formal or informal.

8.      The connectives "and" and "or" and "between" and "among" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all information that otherwise might be construed to be outside of its scope.

9.      "Concerning," "relating to," and "relate to" shall mean analyzing, comprising, consisting of, constituting, containing, contradicting, corroborating, describing, discussing, documenting, embodying, evidencing, identifying, including, mentioning, pertaining to, referring to, reflecting, relating to, reporting, showing, supporting, or stating the particular subject matter identified, and includes any document, communication, or other exchange that constitutes, contains, embodies, comprises, reflects, identifies, states, deals with, comments on, responds to, describes, analyzes, or is in any way pertinent to the subject.

10.      "Any" shall mean any or all and the term "all" shall mean any or all.

11.      "Relevant time period" shall mean from January 1, 2015 to the present.

12.      The use of the singular form of any word or phrase shall include the plural form, and vice versa.

13.      The use of the past or present tense in a request includes both past and present tenses.

14.      The word "including" means including without limitation.

15.      "UCBA" means the REBNY RLS Universal Co-Brokerage Agreement Rules and Regulations.

16.      "Article II, Section 7" shall mean Article II, Section 7 of the 2018, 2019, and 2020 versions of the UCBA, which as of December 31, 2020 read:

> Section 7. Communications with Owners. No Participant may contact the Owner regarding a current Exclusive Listing without the Exclusive Agent's prior consent. If an Exclusive Agent leaves the brokerage firm with whom they are affiliated (such firm shall be referred to as the "Former Firm" and Exclusive Agent as the "Former

Exclusive Agent"), prior to leaving that firm, the Former Exclusive Agent may advise an Owner that they are leaving the firm. After the Former Exclusive Agent joins another firm participating in the RLS, then the Former Exclusive Agent may not initiate any communication with the Owner regarding a current Exclusive Listing without the Exclusive Broker's prior written consent. For the avoidance of doubt, the Former Exclusive Agent must not in any way interfere with any Exclusive Listing to which their Former Firm is a party. For clarification purposes only, interference shall be deemed to include, but not be limited to, (i) directly or indirectly encouraging any Owner to terminate or breach the terms of any listing agreement between the Owner and the Former Firm, (ii) advertising any property subject to a pre-existing listing agreement with the Former Firm, (iii) disseminating, or attempting to disseminate via the RLS, listing information for any property subject to a pre-existing listing agreement with the Former Firm, or (iv) suggesting, directly or indirectly, that an Owner may unilaterally terminate a valid property listing agreement with Former Firm when the Former Exclusive Agent knows or should know that the subject listing agreement provides no such termination right.

17.     "Article III, Section 3.B" shall mean Article III, Section 3.B of the 2018, 2019, and 2020 versions of the UCBA, which as of December 31, 2020 read:

Section 3. Solicitation of Exclusive Listings. During the term of an Exclusive Listing, a Participant who is not a party thereto and/or whose firm is not a party thereto ("Participant B"):

A. may not solicit the Owner with respect to the Exclusive Property or do anything to induce the Owner to terminate the current Exclusive Listing so that the Owner will enter into a new Exclusive Listing with the Participant, and the firm with whom the Participant is affiliated; but

B. may enter into a separate agreement, such as an Exclusive Listing to lease the Exclusive Property, with the Owner concerning the Exclusive Property where that agreement (the "Second Agreement") covers matters which are not covered by the Exclusive Listing. Before entering into the Second Agreement, Participant B should inform the Owner in writing that by entering into the Second Agreement the Owner could be liable for a commission under both the Exclusive Listing and the Second Agreement.

The term solicit as used in this provision does not include mailings or other multiple solicitations, where it is impractical to distinguish Exclusive Properties that are already subject to Exclusive Listings or instances where the Owner initiates contact with Participant B. If solicited by an Owner who is a party to an Exclusive Listing, Participant B may respond to the Owner's inquiry, but such response cannot affect and/or interfere with the original Exclusive Listing in any way.

18.    "REBNY member(s)" means any member of REBNY, regardless of whether that member pays a membership fee and regardless of whether that member is an individual, a brokerage, a corporation, or any other type of entity.

19.    "Corcoran" means NRT New York LLC d/b/a The Corcoran Group and its agents, employees, shareholders, officers, former employees, former officers, directors, subsidiaries, former subsidiaries, parent corporations, former parent corporations, attorneys, affiliated contractors such as real estate agents, former affiliated contractors such as real estate agents, or other persons or entities acting on its behalf.

20.    "REBNY RLS" means the REBNY Residential Listing Service.

21.    "Property listing" means the listing of any property that appears on the REBNY RLS.

22.    "Exclusive listing" means a written agreement setting forth the terms and conditions by which the owner of a residential property has appointed an "Exclusive Broker" as defined by the 2020 version of the UCBA.

23.    "Real estate agent" means any person who represents buyers and sellers of real estate in real estate transactions, including persons who are licensed as real estate brokers or as real estate salespersons.

24.    Plaintiffs shall be deemed to have satisfied their obligation to prepare a witness to testify about a topic with sufficient detail by conducting a reasonable and diligent investigation from sources most likely to possess relevant knowledge and information.

25.    Unless otherwise stated, the geographic scope covered by these requests is the City of New York.

26.    In addition to the specific instructions set forth herein, this notice incorporates the

instructions set forth in Rules 30, 34, and 45 of the Federal Rules of Civil Procedure and the Local

Rules of the United States District Court for the Southern District of New York.

## **DEPOSITION TOPICS**

1.     Douglas Elliman's involvement with and knowledge of the development and

adoption of Article II, Section 7 during the relevant time period, including but not limited to:

      A.     any REBNY meetings Douglas Elliman attended where the development or

          adoption of Article II, Section 7 was discussed;

      B.     any communications between Douglas Elliman and REBNY regarding the

          development or adoption of Article II, Section 7;

      C.     any communications between Douglas Elliman and other brokerages,

          including Corcoran and Compass, regarding the development or adoption

          of Article II, Section 7; and

      D.     internal communications between Douglas Elliman employees or Douglas

          Elliman-affiliated real estate agents regarding the development or adoption

          of Article II, Section 7.

2.     Douglas Elliman's involvement with and knowledge of any revisions to Article II,

Section 7 during the relevant time period, including but not limited to:

      A.     any REBNY meetings Douglas Elliman attended where revisions to Article

          II, Section 7 was discussed;

      B.     any communications between Douglas Elliman and REBNY regarding the

          revision of Article II, Section 7;

      C.     any communications between Douglas Elliman and other brokerages,

          including Corcoran and Compass, regarding the revision of Article II,

          Section 7; and

D. internal communications between Douglas Elliman employees or Douglas Elliman-affiliated real estate agents regarding the revision of Article II, Section 7.

3. Douglas Elliman's involvement with and knowledge of any revisions to Article III, Section 3.B during the relevant time period, including but not limited to:

A. any REBNY meetings Douglas Elliman attended where revisions to Article III, Section 3.B was discussed;

B. any communications between Douglas Elliman and REBNY regarding the revision of Article III, Section 3.B;

C. any communications between Douglas Elliman and other brokerages, including Corcoran and Compass, regarding the revision of Article III, Section 3.B; and

D. internal communications between Douglas Elliman employees or Douglas Elliman-affiliated real estate agents regarding the revision of Article III, Section 3.B.

4. Any allegations made by Douglas Elliman during the relevant time period that another brokerage, including Compass, violated Article II, Section 7, whether the allegations were made in a formal complaint or were made informally, including the facts surrounding those allegations and any action taken by REBNY regarding those allegations.

5. Any allegations made by another brokerage during the relevant time period that Douglas Elliman had violated Article II, Section 7, whether the allegations were made in a formal complaint or were made informally, including the facts surrounding those allegations and any action taken by REBNY regarding those allegations.

-8-

6.     Any instance during the relevant time period where Douglas Elliman was asked to release or made a determination on whether to release any property listing or exclusive listing for a real estate agent who was leaving Douglas Elliman for another real estate brokerage, whether or not Douglas Elliman released the property listing or exclusive listing.

7.     Any policies or practices, whether formal or informal, that Douglas Elliman had during the relevant time period regarding the release of property listings or exclusive listings for real estate agents who were leaving Douglas Elliman for another real estate brokerage.

8.     Any instance during the relevant time period where Douglas Elliman refused to pay commissions to or tried to claw back commissions from a real estate agent who was leaving or left Douglas Elliman for another real estate brokerage.

9.     Any policies or practices that Douglas Elliman had regarding the withholding, paying of, or clawing back of commissions for real estate agents who were leaving or left Douglas Elliman for another real estate brokerage.

10.    Any studies, evaluations, or analyses during the relevant time period regarding Douglas Elliman's competitors in the real estate brokerage market.

11.    Any studies, evaluations, or analyses during the relevant time period regarding the movement of real estate agents between real estate brokerages.

12.    Compass's business practices, including Compass's business practices regarding real estate agent and employee recruitment and Compass's business practices regarding enforcement of REBNY rules.

13.    Douglas Elliman's involvement with REBNY from 2010 to the present, including REBNY leadership positions held by Douglas Elliman employees or Douglas Elliman-affiliated persons; awards given to Douglas Elliman by REBNY; the amount of membership fees and

-9-

sponsorship dollars Douglas Elliman pays to REBNY every year; and Douglas Elliman's influence over REBNY rulemaking and rule-enforcing efforts.

14.    Douglas Elliman's usage of the REBNY RLS during the relevant time period.

15.    Any contemplated, proposed, or actual agreement between Douglas Elliman on the one hand, and REBNY, Compass, or any other real estate brokerage on the other hand, regarding the recruitment, movement, or transfer of real estate agents, employees, or listings between or among Douglas Elliman and any other real estate brokerage.

Dated: May 25, 2022                         Respectfully submitted,

                                            /s/ Chahira Solh
                                            Chahira Solh (*pro hac vice*)
                                            CROWELL & MORING LLP
                                            3 Park Plaza, 20th Floor
                                            Irvine, CA 92614
                                            (949) 263-8400
                                            csolh@crowell.com

                                            Glen G. McGorty
                                            CROWELL & MORING LLP
                                            590 Madison Ave, 20th Floor
                                            New York, NY 10022
                                            (212) 223-4000
                                            gmcgorty@crowell.com

                                            Diane Shrewsbury (*pro hac vice*)
                                            CROWELL & MORING LLP
                                            1001 Pennsylvania Avenue, NW
                                            Washington, DC 20004
                                            (202) 508-8983
                                            dshrewsbury@crowell.com

                                            *Attorneys for Plaintiffs*
                                            *Compass, Inc. and Compass RE NY, LLC*



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Wed, May 25, 2022
**Server Name:**              Kevin Dunn

| Entity Served | DOUGLAS ELLIMAN, LLC |
|---|---|
| Case Number | 21-CV-02195 |
| Jurisdiction | DE |

| Inserts | | |
|---|---|---|
|  |  |  |



**CT  Packing Slip**

**CT Corporation**

| | |
|---|---|
| **UPS Tracking # :** | 1Z0418EX0130655594 |
| **Created By :** | Patrick Duffy |
| **Created On :** | 05/26/2022 09:25 AM |
| **Recipient :** | |

**Deborah Kurtzberg**

| | |
|---|---|
| Title : | -- |
| Customer : | Douglas Elliman LLC |
| Address : | 575 MADISON AVE |
| Email : | dkurtzberg@elliman.com |
| Phone : | Fax :  - |

**Package Type :**  Envelope

**Items shipped :**  1

| Log # | Case # | Entity Name |
|---|---|---|
| 541641207 | 121CV2195LGS | Douglas Elliman, LLC |

 Wolters Kluwer

## Service of Process Transmittal Summary

**TO:**   Deborah Kurtzberg
Douglas Elliman LLC
575 MADISON AVE, SUITE 406
NEW YORK, NY 10022

**RE:**   **Process Served in Delaware**

**FOR:**   Douglas Elliman, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Compass, Inc. and Compass RE NY, LLC vs. Real Estate Board of New York, Inc. |
| **CASE #:** | 121CV2195LGS |
| **NATURE OF ACTION:** | Subpoena - Business records |
| **PROCESS SERVED ON:** | The Corporation Trust Company, Wilmington, DE |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/25/2022 at 04:26 |
| **JURISDICTION SERVED:** | Delaware |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0418EX0130655594 |
| | Email Notification,  Marc Bell  mbell@dougcorp.com |
| | Email Notification,  Deva Roberts  deva.roberts@elliman.com |
| **REGISTERED AGENT CONTACT:** | The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801
866-401-8252
EastTeam2@wolterskluwer.com |
| **REMARKS:** | This SOP contains items that require physical delivery |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.