UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------  X
                                                              :
COMPASS, INC., et al.,                                        :
                                        Plaintiffs,           :          21 Civ. 2195 (LGS)
                                                              :
                    -against-                                 :                ORDER
                                                              :
REAL ESTATE BOARD OF NEW YORK, INC.,                          :
                                        Defendant.            :
------------------------------------------------------------  X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on May 25, 2022, Plaintiffs Compass, Inc. and Compass NY RE, LLC (together, "Compass") issued two subpoenas to non-party Douglas Elliman, LLC ("Elliman"), seeking documents and the presence of an Elliman witness at a deposition pursuant to Rule 30(b)(6).[1]  Compass named Elliman as an alleged co-conspirator with Defendant Real Estate Board of New York ("REBNY") in its Complaint.

WHEREAS, on December 9, 2022, prior to the close of fact discovery, Compass sought leave to dismiss voluntarily its claims without prejudice.  On December 16, 2022, Defendant and non-party NRT New York LLC d/b/a The Corcoran Group, another alleged co-conspirator, each filed a letter requesting that the action be dismissed with prejudice.  An Order issued December 19, 2022, dismissed the action without prejudice.

WHEREAS, the document subpoena to Elliman sought records responsive to twenty requests. The parties engaged in multiple meet-and-confer sessions regarding the scope of the requests, and Compass agreed to narrow or defer discussion of various requests, including deferring any discussion of the deposition subpoena until the end of document production.  Compass and Elliman narrowed the initial universe of 223,800 potentially responsive records to 43,000 records in their meet-and-confer

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.

process, 3,500 of which Elliman identified as responsive and reviewed for privilege.  Elliman produced

none of these 3,500 documents prior to Compass's dismissal of this action.

WHEREAS, on February 2, 2023, Elliman filed a motion pursuant to Rule 45(d)(1), seeking fees

and costs incurred in responding to the subpoenas.  Rule 45(d)(1) states:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable
> steps to avoid imposing undue burden or expense on a person subject to the subpoena.
> The court for the district where compliance is required must enforce this duty and impose
> an appropriate sanction -- which may include lost earnings and reasonable attorney's fees
> -- on a party or attorney who fails to comply.

To determine whether to impose sanctions under this Rule, "[c]ourts typically undertake a two-part

inquiry: whether the challenged subpoena imposed an undue burden or expense on the person(s) subject

thereto; and if so, what, if any, reasonable steps the subpoenaing party and its counsel took to avoid

imposing such a burden." *Breaking Media, Inc. v. Jowers*, No. 21 Misc. 194, 2021 WL 1299108, at *7

(S.D.N.Y. April 7, 2021).[2]  "Whether a subpoena imposes an 'undue burden' depends upon such factors

as relevance, the need of the party for the documents, the breadth of the document request, the time

period covered by it, and particularity with which the documents are described and the burden imposed."

*Id.* at *5.

WHEREAS, Elliman has not established that Compass imposed an undue burden on Elliman in

complying with the Compass subpoenas, nor that Compass failed to take reasonable steps to avoid

imposing such a burden.  First, Elliman has not shown that the burden was unwarranted.  Elliman was

named as an antitrust co-conspirator in a complaint that survived a motion to dismiss and motion to

reconsider.  As an important witness to an alleged antitrust conspiracy, some discovery burden was

likely and not "undue."  Second, the record does not support that Compass failed to take reasonable

---

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases,
footnotes and citations are omitted.

steps to reduce Elliman's burden.  As Elliman details in its motion papers, the parties engaged in a productive meet-and-confer process and, as a result, Compass substantially narrowed the universe of documents that Elliman would need to produce.  Elliman has not proven that its discovery burden was undue nor that Compass failed to take reasonable steps to mitigate it.

WHEREAS, Elliman argues that the voluntary dismissal of this suit "is tantamount to a concession that the allegations in its complaint were false."  Elliman makes related arguments as to the merits of the underlying claims, including that Compass's founder and CEO voted for the REBNY rule central to the alleged antitrust conspiracy.  These arguments fail.  The current record does not support Elliman's argument that Compass "knowingly filed a meritless case."  Plaintiffs voluntarily dismiss their claims for various reasons, including due to changes in the underlying factual circumstances that spurred them to bring suit.  In connection with their motion to dismiss the case, Plaintiffs noted the withdrawal of certain complaints central to their claims and larger shifts in the residential real-estate market.  The Order issued December 19, 2022, found these reasons "provid[ed] an adequate explanation for dismissal."

WHEREAS, Elliman argues that its costs from November and December 2022 were unnecessary because Compass did not inform Elliman of its intent to dismiss the case.  However, Compass provides evidence that, during that period, Compass was awaiting a response from Elliman about an additional custodian and two search terms, and that Elliman did not inform Compass that it was reviewing documents for production during at that time.  This evidence undercuts Elliman's argument that Compass is responsible for Elliman's incurring of unnecessary discovery costs.  It is hereby

**ORDERED** that Elliman's motion for fees and costs is **DENIED**.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 96.

Dated: June 2, 2023
       New York, New York

3

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE